U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

AUG - 2 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

WILLIAM M. BRYSON, JR.                CIVIL ACTION NO. 07-1043
FED. REG. NO. 95662-071
VS.                                   SECTION P
                                      JUDGE DRELL
UNITED STATES OF AMERICA              MAGISTRATE JUDGE KIRK

ORDER AND REPORT AND RECOMMENDATION

Before the court is a "Petition to Modify a Conspiracy
Sentencing Fraud Sentence" filed on June 14, 2007 [doc. 1], a
Motion to Appoint Counsel and Motion for Reconsideration filed on
July 10, 2007[doc. 3], and Motion for Leave to Proceed *in forma
pauperis* filed on July 11, 2007. [doc. 4] Bryson is an inmate in
the custody of the Federal Bureau of Prisons; he is incarcerated
at the United States Penitentiary, Pollock, Louisiana where he is
serving a 188-month sentence imposed following convictions in the
United States District Court for the District of South Carolina.
See United States of America v. William M. Bryson, Jr., No. 8:01-
cr-00240.

This matter has been referred to the undersigned for review,
report, and recommendation in accordance with the provisions of
28 U.S.C. §636 and the standing orders of the court. Petitioner's
Motion to Proceed *in forma pauperis* [doc. 4]is **GRANTED.**
Petitioner's Motion to Appoint Counsel [doc. 3] is **DENIED.**
Finally, and for the following reasons it is recommended that the
petition [doc. 1] and remaining Motions [doc. 3]be **DENIED** and

DISMISSED WITH PREJUDICE.

### *Statement of the Case*

On January 30, 2002, petitioner was convicted of conspiracy, 18 U.S.C. § 371, mail fraud, 18 U.S.C.A. § 1341, making false statements, 18 U.S.C. § 1001, money laundering, 18 U.S.C.A. §§ 1956, 1957, and conspiracy to launder money in violation of 18 U.S.C.A. § 1956(h). He was also convicted of threatening to assault a federal official, 18 U.S.C.A. § 115, and mailing a threatening communication, 18 U.S.C.A. § 876. See United States of America v. William M. Bryson, Jr., No. 8:01-cr-00240 (United States District Court, District of South Carolina) at doc. 114. On June 18, 2002, he was sentenced to serve sentences totaling 188 months. His convictions and sentences were, for the most part, affirmed on appeal to the Fourth Circuit Court of Appeals. See United States of America v. William M. Bryson, Jr., 105 Fed. Appx. 470, 473, 2004 WL 1637371 (4 Cir.2004) (unpublished).

Petitioner's Motions for a New Trial were denied by the district court and the denials were affirmed by the Fourth Circuit Court of Appeals. See United States of America v. William M. Bryson, Jr., 106 Fed. Appx. 840, 2004 WL 1857603 (4 Cir. August 19, 2004) (unpublished) and United States of America v. William M. Bryson, Jr., 109 Fed. Appx. 641, 2004 WL 2204034 (4 Cir. September 29, 2004) (unpublished). During the pendency of his appeal, petitioner filed two §2255 Motions in the District

Court. Both were dismissed without prejudice because petitioner's appeal was pending. [See <u>United States of America v. William M. Bryson, Jr.</u>, 8:02-cv-2634 (U.S.D.C.-S.Car .) at doc. 2; and, <u>United States of America v. William M. Bryson, Jr.</u>, 8:03-cv-0706 at doc. 2] His Petition for Writ of Error *Coram Nobis* filed on August 26, 2003 was construed as a § 2255 Motion and was also dismissed. <u>United States of America v. William M. Bryson, Jr.</u>, 8:03-cv-2721. His appeal of that judgment was affirmed by the Fourth Circuit in an unpublished *per curiam* opinion on February 25, 2004. See <u>Bryson, v. United States</u>, No. 03-7414.

On February 2, 2006 petitioner filed a § 2241 petition for writ of *habeas corpus* in the United States District Court for the Northern District of Georgia. He challenged the constitutionality of his convictions in the United States Court in South Carolina and claimed that the sentencing court improperly applied the sentencing guidelines and increased his offense level in violation of the Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Since petitioner was unable to demonstrate that the remedy afforded by § 2255 was ineffective or inadequate, the *habeas* petition was denied and dismissed on April 19, 2006. See <u>William M. Bryson, Jr. v. United States of America</u>, No. 1:06-cv-0233 (U.S.D.C.-N.Ga.) at docs. 3 and 4.

Meanwhile, on March 8, 2006 petitioner filed a petition for

3

writ of *habeas corpus* (28 U.S.C. §2241) in this court. See
William M. Bryson, Jr. v. Warden Fredrick Menifee, 1:06-cv-0366
at doc. 1.  In the same proceeding petitioner filed Motions to
Compel Credit and Calculate Sentence (28 U.S.C. §1361) [*id.*,
docs. 8,9, and 10] In these pleadings petitioner claimed that the
evidence was insufficient to convict him, that he was not guilty
of mail fraud, that he did not "swindle" his victims, that, at
worst, he was guilty of a misdemeanor under the laws of South
Carolina, and, that the trial court incorrectly computed his
sentence under the United States Sentencing Guidelines.
Petitioner also asked for credit for time served in the custody
of South Carolina authorities. On June 16, 2006 the undersigned
recommended dismissal of the claims attacking petitioner's
conviction and the imposition of sentence since those claims
should have been raised in a Motion to Vacate filed pursuant to
28 U.S.C. §2255 and petitioner had not shown that the remedy
afforded by the statute was inadequate or ineffective to test the
legality of his detention. Further, since the minutes of
petitioner's sentencing were silent on the issue of whether or
not petitioner should be afforded credit for time served in state
custody (and, since petitioner had offered no proof to establish
that he actually served time in state custody), the undersigned
recommended dismissal of his sentence computation claim. See
Bryson, 1:06-cv-0366 at doc. 11.  Petitioner did not object and

4

on July 24, 2006 Judge Drell signed a judgment adopting the
Report and Recommendation and dismissing petitioner's claims with
prejudice. [id., doc. 12] Plaintiff appealed this judgment to the
Fifth Circuit Court of Appeals [id., docs. 13-17] On December 5,
2006 the Fifth Circuit dismissed his appeal for want of
prosecution. [id. doc. 18] On December 18, 2006, petitioner's
motion to reinstate the appeal was granted [id., doc. 19]. On
January 8, 2007 petitioner filed a "Motion to Reduce Plaintiff's
Imprisonment" [id., doc. 20] which Judge Drell denied on January
10, 2007. [id., doc. 21] Petitioner filed various other motions
including a motion to note that he was appealing the denial of
the post-judgment motions. [id., docs. 22-24] On March 2, 2007
Judge Drell construed the motions as motions seeking a
certificate of appealability (COA)and denied them. [id., doc. 25]
In any event, petitioner's appeal was lodged in the Fifth Circuit
under Docket Number 06-30885.

Meanwhile, on August 25, 2006 petitioner filed another post-
conviction pleading in this court. William M. Bryson, Jr. v.
United States of America, et al., No. 1:06-cv-1426. [docs. 1, 3,
5, 7] On January 29, 2007 the undersigned reviewed all of the
pleadings and determined that since petitioner's "... claims
collaterally attack the legality of his sentence, and since
success in these proceedings would result in an immediate if not
speedier release from custody, they are properly construed as

5

habeas corpus claims..." [id., doc. 10] Further, since the claims and requests for relief were virtually identical to the claims and requests for relief in case number 1:06-cv-0366, the undersigned recommended dismissal for the same reasons. [id.] Petitioner objected [id., doc. 14]. Nevertheless, on April 12, 2007 Judge Drell adopted the Report and Recommendation and ordered dismissal with prejudice. [id., doc. 15] Petitioner once again noticed his intent to appeal [id., doc. 16] On April 27, 2007 Judge Drell denied petitioner's request for a COA. [id., doc. 19] On May 8, May 21, and May 26, 2007 petitioner filed Motions for Reconsideration of the denial of his request for COA. [id., docs. 20, 24, 26] These motions were referred to the undersigned for review, report, and recommendation. On June 1, 2007, the undersigned recommended dismissal of petitioner's requests for COA as unnecessary. Dismissal of all of petitioner's post-judgment motions was recommended based on the fact that the district court had been divested of jurisdiction since these motions were filed after his appeal was lodged. [id., doc. 25] On July 10, 2007 the recommendation was adopted and Judge Drell signed an order denying petitioner's motions. [id., doc. 29] Petitioner's appeal was assigned Docket Number 07-30409 in the Fifth Circuit Court of Appeals. [id., doc. 27]

On June 12, 2007 the Fifth Circuit consolidated the appeals under Docket Numbers 06-30885 and 07-30409. The appeal remains

pending.

On June 14, 2007 petitioner filed the instant "Petition to Modify a Conspiracy Sentencing Fraud Sentence." Petitioner's pleading is particularly convoluted, however, as in the past, he again seeks review of the sentences imposed following his convictions in the United States District Court for the District of South Carolina.[1] In this pleading, petitioner contends that he "...has authority to file this his petition under the First Amendment which provides that Bryson may petition the court for a redress of his grievance which is that he did not get what he was supposed to get in that the expired updated 2000 [United States Sentencing Guidelines] Manual he was to get 6 base offense points based on Amendment 634..." [doc. 1-1, p. 5] Petitioner further alleges that he "... is not seeking release from incarceration but the sentence he would have received except for the conspiracy sentencing fraud committed upon the court..." [id.]

On June 19, 2007 petitioner was ordered to amend his pleadings by submitting his claims on approved forms. [doc. 2] On July 10, 2007 petitioner filed a "Motion for Reconsideration and Notice of Intent to Appeal." [doc. 3] In this pleading petitioner requested appointment of counsel and reconsideration and

---

[1] In his prayer for relief petitioner asks, "... that this Honorable Court grant all relief ... including modification of his sentence which was pursuant to a conspiracy to commit fraud upon the court and which subsequently was committed upon the court during its sentencing of petitioner on 23 May 2002..." [doc. 1-1, p. 11]

clarification of the June 19, 2007 Memorandum Order. [doc. 3]
Petitioner invokes Federal Rule of Civil Procedure Rule 60(b)
seeking relief from a prior judgment. More specifically he "...
may be relieved from a sentencing proceeding if there was a fraud
upon the court or a void judgment." [id., p. 2] He claims that he
is entitled to relief under the "common law writ of habeas
corpus" and that his current application is a "non-2241 writ of
habeas corpus ... available under the common law ..." He contends
that "...Warden Menifee's manner of executing Bryson's sentence
at USP Pollock is contrary to mandatory sentencing rules as
provided by the Sentencing Reform Act of 1984 and other pre-1984
sentencing laws ..."  He argues, "Therefore, petitioner means to
say not illegally, but unlawful as the sentence itself is what is
illegal rather than Warden Menifee's actions." [id., p. 4]

Nevertheless, petitioner's original "Petition to Modify a
Conspiracy Sentencing Fraud Sentence" [doc. 1] and his "Motion
for Reconsideration and Notice of Intent to Appeal" [doc. 3]
collaterally attack the sentence imposed following his 2002
convictions in the United States District Court for the District
of South Carolina.

### Law and Analysis

### 1. Appointment of Counsel

A federal prisoner seeking *habeas corpus* relief has no right
to appointment of counsel. <u>McFarland v. Scott</u>, 512 U.S. 849, 857

n. 3, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994). Further, petitioner
has previously been advised that this court cannot and will not
entertain his repeated attacks on the legality of his sentence.
He has not shown that the ends of justice require that counsel be
appointed for him. See <u>Schwander v. Blackburn</u>, 750 F.2d 494,
502-03 (5th Cir.1985).  Therefore, his request for appointment of
counsel [doc. 3] is **DENIED.**

### 2. Habeas Claims

Petitioner has added nothing of substance with respect to
this latest attack on the legality of his sentence. He continues
to repackage his claims, but the substance remains the same.
Petitioner continues to collaterally attack the sentence he is
serving by claiming that the court which imposed the sentence
either erred or participated in a conspiracy to deprive him of
his liberty. For the reasons set forth in the Report and
Recommendation filed in Case Number 1:06-cv-0366 at doc. 11, and
the Report and Recommendation filed in Case Number 1:06-cv-1426
at doc. 10,

**IT IS AGAIN RECOMMENDED THAT** the "Petition to Modify a
Conspiracy Sentencing Fraud Sentence" [doc. 1] and the "Motion
for Reconsideration and Notice of Intent to Appeal" [doc. 3] be
**DENIED** and **DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and
Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation

have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this ___ day of _____, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE